**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40456**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PAUL ANTHONY SIMMS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-99-CR-361-1)**

February 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Paul Anthony Simms challenges the sufficiency of the evidence to support his jury conviction for possession of marijuana with intent to distribute.

Simms moved for judgment of acquittal at the close of the Government's case and rested without presenting any evidence. _See_ **_United States v. Resio-Trejo_**, 45 F.3d 907, 910 n.6 (5th Cir. 1995) (defendant _not_ required to renew judgment of acquittal motion when rests without introducing any evidence). Thus, we view the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the light most favorable to the verdict to determine whether a rational juror could have found, beyond a reasonable doubt, the evidence established the essential elements of the charged offense. *E.g., **United States v. Ortega Reyna***, 148 F.3d 540, 543 (5th Cir. 1998).

For possession of marijuana with intent to distribute, the Government must prove the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it. ***Id.*** at 543-44. Simms claims insufficient evidence to show he *knowingly* possessed the marijuana; he does *not* challenge the sufficiency of the evidence regarding the other elements.

In the light of the testimony of Natividad Ramirez, Sims' accomplice, a rational juror could have found, beyond a reasonable doubt, that Simms knowingly possessed the marijuana. *See, e.g.,* ***United States v. Dixon***, 132 F.3d 192, 200 (5th Cir. 1997) (conviction may rest solely on uncorroborated testimony of accomplice if testimony *not* insubstantial on its face), *cert. denied*, 523 U.S. 1096 (1998). Further, in addition to Ramirez's testimony, there was ample circumstantial evidence establishing Simms' guilty knowledge. *See **United States v. Garza***, 990 F.2d 171, 174-76 (5th Cir.) (upholding conviction on similar evidence), *cert. denied*, 510 U.S. 926 (1993). Accordingly, the judgment is

***AFFIRMED.***

2